The first case today is number 24-1965 Rafael De Jesus-Lopez v. Municipality of San Juan, et al. At this time, would counsel for the appellant please come to the podium and introduce himself on the record to begin. Good morning, Your Honor and everyone else present here today. For the record, Counselor Victor M. Rivera-Rios on behalf of the appellant, Rafael De Jesus-Lopez. Your Honor, I request seven minutes for opening and reserve three minutes for rebuttal. May it please the Court. This appeal concerns a basic procedural safeguard in federal civil litigation. The District Court dismissed Mr. De Jesus-Lopez's constitutional claims while relying on materials outside the pleadings. Most importantly, it relied on a search warrant and an affidavit. On the federal rule of civil procedure 12-D, yes. Those materials were attached to the motion to dismiss and there was no objection. There was no dispute about the authenticity of those materials. Well, Your Honor, Once again, there was no objection to the Court considering them. We filed a motion for reconsideration of the order where we raised these objections concerning Right, but there was no original objection. Your Honor, but in the case of Grenier v. Sian Ahmed Plastics, Inc., case cited 18870 F. 3rd 667, said case the Court determined that certain arguments can be considered and are not considered waived if it's filed before it reaches appellate stage. Did you appeal the motion for reconsideration? Say what? Did you appeal the motion for reconsideration? We understood that once the motion for reconsideration was filed and the appeal was filed, I believe that the Court denied it afterwards, saying that they were being divested. My memory is not failing, but that's what my recollection is. Judge Mysokopoulos is asking you if you appealed the reconsideration denial. I believe that it was an appeal, but I understand that because the motion for reconsideration was filed with the appeal, it was filed with the appendix, we made arguments with regards to it. But you didn't list it in your statement of issues. When you file a notice of appeal, you say we appeal from the entry of summary judgment, 12B6, granting of a 12B6 motion, dismissal for lack of jurisdiction. You specify what you're appealing. Was that in the notice of appeal? In the notice of appeal, we were appealing the order and the judgment. Certainly it was appealing something that occurred prior to the motion for reconsideration. However, we understand that once the motion for reconsideration was filed and the Court denied it, saying that it was divested, we filed with the brief and the appendix what happened in the record. It was supplemental. We then incorporated the argument in that motion for reconsideration with regards to 12D, which states plainly that if a motion to dismiss under Rule 12 is filed with additional documents, additional documents that may convert it into a motion for summary judgment, then the District Court has the obligation to provide the other party to conduct discovery, at least provide an opportunity to conduct discovery in order to rebut all the evidence that's being filed. Because, as this Honorable Court knows, under Rule 12, if you're filing a motion to dismiss, it should be based on well-pleaded allegations. It should be considered that the complaint, all the allegations are inferred as true, and the judge should have relied on the allegations where the plaintiff was alleging that the Assume, for purpose of the next question, that we can review the issue, but why isn't there qualified immunity here? There's no Frank's issue raised in the complaint. Well, in the allegations... And let me say, if there's not a Frank's issue that has been raised, properly pleaded, it's a valid warrant, it's a valid complaint, so there should be qualified immunity unless... Well, the allegations of complaint states that the plaintiff did not consent to search and seizure. He also alleges that the warrant did not have any motivation, probable cause doesn't state any type of... Okay, but a judge granted it, so it's... That's what apparently it says, but the plaintiff is filing this complaint against that. He's filing this complaint alleging that there was a violation of his constitutional right in depriving him... At a legal stage, under Rule 8, you have to specifically say, the judge was induced to seizure purposely by the officer or the officer lied, but those allegations, I don't see them present. Well, Your Honor, this is why specifically discovery is needed in this type of case where we need to confront these... Discovery is needed, but you need at least to plead it, and my question is, I don't think it's been pleaded in the complaint. I understand, Your Honor, that the allegations in itself of the complaint states the plaintiff's position that there was no probable cause, there was no criminal statute being cited for the warrant. Apparently the affidavit is concerning a co-worker, saying that he's concerned about another co-worker, which doesn't... The plaintiff understands that does not satisfy probable cause or any type of motive for issuing a warrant. You're running up against a finding of probable cause by the judge who reviewed the request for the warrant. And the other thing is... And without some allegations in the plaint, as to why that doesn't give the officer's qualified immunity, I guess I'm just not quite understanding your argument. The plaintiff understands that if the discovery would have been approved by the court, we could have found more information. This is what the main argument here is. In the contents of the warrant, and you knew the allegations in the warrant, do you believe those allegations to have been false? You could have alleged that and at least argued why that there was misconduct on behalf of the officers securing the warrant. Because you would know, based upon the allegations in the affidavit, whether they were... In the allegations, it also mentions that this warrant was issued, was being executed by officers of the municipality of San Juan, and they were outside their jurisdiction as well. They're talking about going to Caguas. In those allegations, the plaintiff is plainly alleging that these officers are executing certain orders that he understands are unfounded outside the jurisdiction of the municipality of San Juan. It's out in the municipality of Caguas. He alleges that these officers are exercising a certain force in excess of their jurisdiction. If the officers are acting ultra-virus, why then are you suing the municipality of San  Because they're acting outside of the scope of their employment. You haven't said that this is a pattern of practice or anything that would lead to municipal liability then, if you pursue that theory. At the time, your honor, when obviously the warrant was issued, and the officers obtained that warrant, at the time being, the plaintiff understands that the municipality is allowing these officers to continue with executing a warrant based on... But you would have to plead pattern practice, and I don't think that's pleaded there either. Okay, you have three minutes for rebuttal. Let's hear then from... No problem. Thank you, your honor. Opposing counsels. At this time, would counsel for the appellee please introduce himself on the record to begin. If it may please the court, Michael McCaul, I represent the municipality of San Juan. For purpose of the argument, but their counsel are present in the courtroom if you have any specific questions on that. Counsel, if you could address what I just asked opposing counsel about, if he's pursuing one theory that they acted ultraviolet, pattern practice, I don't think it's pleaded. Can you address that? My understanding is, if you're looking at the complaint, for example, there's really no clear allegations of a policy of the municipality or custom that was violated. The district court found that, in his opinion, in order. None of these issues were raised at the district court level. The three motions to dismiss and the motion for judgment of pleadings by the municipality of San Juan were all unopposed. Although he did seek a motion for reconsideration, the notice of appeal was filed at the same time he filed the motion for reconsideration. He never moved to amend that notice of appeal or do a separate notice of appeal on the denial of the motion for reconsideration and seek consolidation of the appeals. We understand under First Circuit case law that the arguments and whether it was proper the ruling on the motion for reconsideration is not before this court. We don't have jurisdiction over it. I understand that there may be a narrow exception for plain error review, but under First Circuit jurisprudence, this has been waived as well. Plain error is not mentioned anywhere in the brief of the appellant on appeal. Much less any developed argument of the sort that Zanino and its progeny demand to preserve this issue. We understand that on the merits, the district court properly found qualified immunity. The Messerschmitt case, even if for the sake of argument, the magistrate, there was some problem with the probable cause determination, which we don't believe there is. We believe that it was well-founded. That's not enough. You can still, under Messerschmitt, get qualified immunity because it's presumed that the neutral judicial office has greater knowledge of this than the individual office has seen. There's nothing showing that it was unreasonable for the- What about the officers seizing the farm in Caguas when they're San Juan officers? I don't recall that being briefed below, but this officer is a man who resides in Caguas. His residence, he went out on mental health leave. He was hospitalized at various psychiatric hospitals for anger management and other issues. The officers requested that he ... His service weapon had to be tendered at the time he went on sick leave for this. It later came to their attention that he had a private Glock at his personal residence. They asked him to give- It would make no difference if he lives in Caguas, lives in San Juan, lives in Vieques, lives in San Germán. The San Juan officers could retrieve that San Juan-owned service revolver, I assume. In this case, your honor, just to correct it, the weapon that was in Caguas was not a San Juan issued weapon. That issue had already been ... His service weapon had been taken from him. This was his personal? This is a personal weapon, but since he had made threats against fellow officers, we understood that there was a danger of him having that weapon. There's also an issue, it's not briefed by the appellant on appeal, but there's an independent ground for the seizure of that, even without a warrant. I think you discussed it in your briefs. That's Puerto Rico law allows you to- Of 2020. That says specifically where you have a person that has a mental illness is one ground, or there's a ground that he's threatening a crime. In this case, he was threatening assault against a fellow officer. This was in the affidavit and the evidence that the neutral magistrate relied on to issue the warrant. We understand that as to the individual officers, they are entitled to qualified immunity. Measure Smith says that it's pretty much the epitome of objective reasonableness, relying on the neutral magistrate's issuance of a warrant on that. There's a very high standard to get around that. There's no pleadings here that we understand would get around. As a district court properly found, there's no issues in the four corners of the complaint that excessive force was used, that the manner in which they did that threatened him. He didn't want to have the warrant executed, but he allowed it to be executed and it was a valid warrant. Even if he really hasn't given grounds that we understand that are properly before this court, the Fourth Amendment and the Second and Fourteenth Amendment claims are waived in the opening, in the brief. There's no substantive, the only knowledge, the only mention of the constitutional is on page one and two, just saying that the complaint asserted them, but with the exception of the Measure Smith case, that's the only case anywhere in the opening brief that addresses any of the constitutional issues. We understand that with the exception of Measure Smith, which we believe should be deemed waived anyway, because he had a chance. This was a jurisprudence that existed at the time the motions to dismiss and motions for judgment of pleading were pending before the district court and he chose not to timely address it. Although he sought an extension of time to file an omnibus opposition to the three motions to dismiss, he never filed it. It's really just the plaintiff's own- Give me, because again, usually you see these issues in the context of criminal cases, oppression hearings, when there's a Franks hearing, and at least when I preside over those criminal cases, you simply don't make an allegation, the search warrant or the arrest warrant doesn't have parole cause. You have to say, and again, successful ones I've seen is the officer was not there because he was actually, the day he said he saw this, he was on sick leave or he was on vacation in Orlando, Florida, but you need to beef it up. You can't simply make a blanket allegation and be entitled to a hearing, and that's in a criminal case, so what would he have to do to plead, at least to get some hearing on the Franks issue or create an issue? I think that's not properly in this complaint, and the issue that he was entitled to discovery before doing it, he never requested the discovery at the local level. This case was pending for more than 10 months before the judge ruled the motions to dismiss and motion for judgment on the pleading. We didn't seek a stay of discovery. There was no stay of discovery. He never made any effort to get these documents. We understand that the so-called new evidence presented in the motion for reconsideration is not properly before the court because that wasn't appealed, but none of that was new anyway if you reach the issue. He did an affidavit after the fact based on his personal knowledge. One other document that he secured that there's no showing of any due diligence. He couldn't have gotten that at the time the motions were pending if it was necessary to get that to do it. This is really a plaintiff that just showed an utter lack of diligence pursuing the case at the district court level, not taking any discovery and not opposing the substantive motions that were ultimately granted against him. How do you respond to a plaintiff's assertion that the motion to dismiss was improperly converted to a summary judgment motion? I understand under clear First Circuit jurisprudence that it is not converted to summary judgment. It's a document that is referenced throughout the complaint and there's at least four or five specific paragraphs in the complaint that reference a warrant and the authenticity of the warrant has never been challenged at the district court level or appealed. I understand that under that jurisprudence, it was never converted to a motion to dismiss. It was not converted from a motion to dismiss to summary judgment that he then had to give them notice. This is kind of like an analogy when somebody is suing for breach of contract, you can refer to that contract if the contract is not in dispute, correct? In this case, I think it's a little different in the sense that it's an official document that he hasn't challenged the authenticity of. He states in the complaint that they read the warrant to him at his residence before executing it and taking the weapon into custody. They gave a receipt to him for the weapon. The warrant required that it be brought back, I understand, to the judicial officer and the procedures. We understand that the procedures were followed. The individual officers sought authority from their superiors to get the warrant and then obtained the warrant and duly executed it. It just happened that even though he's a municipal, not all of them live in San Juan, but the threat of the weapon, him having a weapon when he's been threatening a superior officer was still there. That was the reason why they thought it necessary to seek the warrant and they got the warrant. We understand that. Let me also ask you, as far as you know, and I'll ask opposing counsel the same thing, is there any jurisprudence from the Puerto Rico Supreme Court or the circuit, which I doubt from the circuit, that says a municipal police officer cannot execute a warrant outside of his municipality? I'm unaware of the jurisprudence myself, your honor. It certainly has not been brought to us. I'm saying that because if there's something on point saying you can't do it, then qualified immunity might not apply. If there's nothing on point, then it's easier for qualified immunity to apply. I'm not aware of it, your honor, and I think that the public policy under Puerto Rico law, recognizing in certain special circumstances that the issues are so important you may not even need to be a warrant, that this squarely fits within the Puerto Rico Act of 2020. Any further questions? Thank you, counsel. Thank you. Three minutes for rebuttal. Please identify yourself for the record. Yes, for the record, counsel, Victor Rivera-Rios again. Your honor, during the Applease argument... Let me ask you this question. Could you discuss the newly discovered evidence issue that was in your motion to reconsider and why you think that evidence was newly discovered? The evidence that was newly discovered at the time of filing the motion for reconsideration, it was after months of filing the complaint. The appellant himself was trying to assess situations, asking an investigator of the why was this warrant issued, the investigation behind it. That investigator told him at the time that she hasn't obtained that evidence, and that's why what he was submitting in his declaration was that he was still awaiting the results of that investigation behind the warrant. I just wanted to address that the appellee made a couple mentions that was going on the case, which is he's talking about that the appellant had a mental examination or he went to a mental health hospital. He talked about that the appellant consented to the warrant. None of that is in the allegations. Under a motion to dismiss, under Rule 12, the court needs to decide the motion to dismiss based on the allegations of a well-pleaded complaint. Even if that's not considered, you still have the issue of whether there's a valid search warrant. I don't think there's anything, having heard from you and the appellant counsel, that suggests that that search warrant is valid. Valid search warrant needs to be based on a probable cause that perhaps a criminal offense is being incurred, correct? And they understand that if the law prohibits a certain action and it's illegal to do that action, then you can go to the judge and ask for a warranty to search and seizure the house or arrest a certain person because you understand that there's a probable cause of a criminal offense occurring. The state judge understood there was probable cause. But the problem here is that that warrant in itself, and if this honorable court reviews it, it's not talking at all about a criminal offense being incurred by the appellant. Courts issue warrants that are not criminally related. There's writs that are issued. There's warrants to arrest vessels. But that defeats the purpose of the constitutional right of seeking a probable cause to then find that warrant from a court judge. And here, the only reason that they went to the judge was they feared that this person might be mentally unstable. When that's not even alleged at all in the complaint, the appellant says that this was his personal firearm and that they went to his house to get his personal firearm to execute that warrant and he did not consent. So what you're saying is the judge should have not issued that warrant. But if the judge did, it could even be a mistake. The judge could have gotten the law wrong, but there's still that warrant out there and the officers are relying on a warrant. Well, the appellant truly believes that some type of fraud was made to the judge and that's why he requests this discovery to occur. Okay. Thank you, counsel. Thank you.